**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1658-23
A-1755-23

PHILIP E. HAHN,

     Plaintiff-Appellant,

v.

THE UNIVERSITY OF MEDICINE
AND DENTISTRY OF NEW JERSEY
and MARK ZARBIN,

     Defendants-Respondents.

_____

PHILIP E. HAHN,

     Plaintiff-Appellant,

v.

BERGEN REGIONAL MEDICAL
CENTER, LP,

     Defendant-Respondent.

_____

Argued June 5, 2025 – Decided June 18, 2025

Before Judges Mawla, Natali, and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3267-07 and Bergen County, Docket No. L-1852-07.

Philip E. Hahn, appellant, argued the cause pro se.

Richard M. Forzani argued the cause for respondents University of Medicine and Dentistry of New Jersey and Mark Zarbin (Ruprecht Hart Ricciardulli & Sherman, LLP, attorneys; Richard M. Forzani, on the brief).

Matthew C. Morales argued the cause for respondent Bergen Regional Medical Center, LP (Schenck, Price, Smith & King, LLP, attorneys; William J. Buckley, of counsel; Matthew C. Morales, of counsel and on the brief).

PER CURIAM

In these back-to-back matters, plaintiff Philip E. Hahn appeals from a December 8, 2023 order denying his motion to enter judgment against defendants University of Medicine and Dentistry of New Jersey (UMDNJ) and Dr. Mark Zarbin. Plaintiff also appeals from a December 12, 2023 order dismissing, with prejudice, his motion against defendant Bergen Regional Medical Center (Bergen Regional) seeking to "establish the liability of [Bergen Regional] via a [b]reach of [s]tatute [n]egligence [c]laim [o]ccuring on April 18, 2005." We affirm.

A-1658-23

In April 2005, plaintiff was involuntarily committed into Bergen Regional, a mental health facility. While there, plaintiff complained of vision problems. He was examined by an ophthalmologist on staff and later given a pass to seek a medical consult and treatment with another eye doctor.

In May 2005, plaintiff's stay at Bergen Regional ended. Shortly thereafter, on June 1, 2005, Dr. Zarbin, an employee of the UMDNJ, performed surgery to treat plaintiff's eye condition.

In 2007, plaintiff filed three complaints against Bergen Regional, which were later consolidated. The consolidated complaint alleged plaintiff was: misdiagnosed; wrongfully admitted to Bergen Regional; and falsely imprisoned by the facility. On January 7, 2010 the court granted summary judgment to Bergen Regional. Plaintiff appealed, and we affirmed. Hahn v. Bergen Reg'l Med. Ctr., Nos. A-2869-09, A-6282-09, A-1924-10 (App. Div. June 23, 2011).

Meanwhile, plaintiff filed a separate medical malpractice complaint on April 23, 2007, against the UMDNJ and Dr. Zarbin regarding his June 1, 2005 eye surgery, alleging Dr. Zarbin "removed the lens in [plaintiff's] right eye," causing further injury. On August 17, 2007, the court dismissed plaintiff's complaint against UMDNJ with prejudice. Thereafter, Dr. Zarbin moved for dismissal of the complaint as against him, which was also granted. We affirmed

the dismissal of plaintiff's complaint in <u>Hahn v. Univ. of Med. & Dentistry of N.J.</u>, No. A-3815-07 (App. Div. Jan. 26, 2009). The Supreme Court denied plaintiff's petition for certification in <u>Hahn v. Univ. of Med. & Dentistry</u>, 199 N.J. 128 (2009).

On April 10, 2008, plaintiff filed a second medical malpractice complaint against the UMDNJ and Dr. Zarbin arising out of the same set of facts as alleged in his first complaint. The court held res judicata and the entire controversy doctrine barred that action. It also held that plaintiff failed to move for an extension of time pursuant to N.J.S.A. 59:8-9 and failed to file his complaint within the two-year statute of limitations period provided by N.J.S.A. 2A:14-2(a).

We affirmed that dismissal in <u>Hahn v. Univ. of Med. & Dentistry of N.J.</u>, No. A-4216-08 (App. Div. Mar. 22, 2010) (slip op. at 2), stating: "[a]lthough plaintiff relie[d] upon a different legal theory in this action than in his prior action, the present action relate[d] to the same June 1, 2005 eye surgery as the prior action. Therefore, this action is barred by res judicata and the entire controversy doctrine." Our Supreme Court denied certification, <u>Hahn v. Univ. of Med. & Dentistry of N.J., in Newark</u>, 204 N.J. 36 (2010).

A-1658-23

On March 9, 2012, the Bergen Vicinage Assignment ordered all lawsuits filed by plaintiff "shall be reviewed by the Assignment Judge as soon as practicable after having been filed but before service is effectuated, with this court to then have the opportunity to determine, for good cause, whether to sua sponte dismiss any patently frivolous or non-meritorious lawsuit[s]." The judge cited <u>Rosenblum v. Borough of Closter</u>, explaining "[w]here a pattern of frivolous litigation can be demonstrated, the Assignment Judge can prevent the complaint from being filed." 333 N.J. Super. 385 (App. Div. 2000). He found "[defendant] has engaged in a vexatious agenda of filing approximately nineteen . . . notices of claims against thirty-three . . . members of the New Jersey [j]udiciary[,] who either dismissed or denied certification of his clearly unmeritorious lawsuits," before concluding "the only alternative which remains to protect against future frivolous litigation is the issuance of an injunction."

Undeterred, plaintiff again moved to reinstate his 2007 complaints via motions, including a December 4, 2023 motion to "establish the liability of [Bergen Regional] via a breach of [s]tatute [n]egligence [c]laim occurring on April 18, 2005," and an October 30, 2023 motion to enter judgment against UMDNJ and Dr. Zarbin.

A-1658-23

On December 8, 2023, the court denied plaintiff's motions, finding his claims were barred by res judicata. It noted plaintiff's complaint was dismissed in 2007 and plaintiff's brief raised the same arguments as were previously before the court. The court concluded "[t]here's nothing new before the [c]ourt . . . that would allow the [c]ourt to reopen this litigation such that a judgment should be entered."

Likewise, on December 12, 2023, the court denied plaintiff's motion for judgment against Bergen Regional because it correctly found his claims were frivolous. The court cited its March 9, 2012 order stating all lawsuits filed by plaintiff shall be reviewed by the Assignment Judge before service is effectuated to determine whether they are frivolous or non-meritorious lawsuits. It explained plaintiff's motion was dismissed "sua sponte pursuant to R[ule] 4:6-4 and [Rule] 4:5-2 for non-compliance and failure to set forth a statement of facts on which the claim is based or that would place [d]efendant on notice of a justiciable claim so that a responsive pleading could be framed." Further, the court reasoned the matter had already been adjudicated and disposed of by way of summary judgment on January 7, 2010.

Although not framed as such, we take plaintiff's motions as seeking relief pursuant to Rule 4:50-1. "A motion under Rule 4:50-1 is addressed to the sound

6

discretion of the trial court, which should be guided by equitable principles in determining whether relief should be granted or denied." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). We review a court's determination under Rule 4:50-1 for abuse of discretion. Ibid.

The doctrine of res judicata applies to matters that have previously been litigated and bars them from being re-litigated. Nolan v. First Colony Life Ins. Co., 345 N.J. Super. 142, 153 (App. Div. 2001). For res judicata to apply,

> there must be a valid, final judgment on the merits in the prior action; the parties in the second action must be identical to, or in privity with those in the first action; and the claim in the later action must arise out of the same transaction or occurrence as the claim in the first action.
>
> [Ibid. (citing Watkins v. Resorts Int'l Hotel & Casino, Inc., 124 N.J. 398, 412 (1991)).]

Plaintiff asserts eighteen points in support of his appeal from the December 8, 2023 order, and nineteen points in support of his appeal from the December 12, 2023 order. Insofar as we can glean, he is asserting a right to a jury trial in both appeals, which would necessitate the reinstatement of his complaints.

We reject all of plaintiff's contentions and affirm substantially for the reasons stated in the trial court's decisions and their accompanying statement of

reasons. The court properly dismissed plaintiff's most recent motions seeking reinstatement of his complaints and a trial by jury because his 2007 complaints were dismissed with prejudice, and he did not file a timely motion to vacate and reinstate those claims. There is no dispute the court's 2010, 2011 and 2012 orders were res judicata, as they were final determinations on the merits, the parties were identical, and plaintiff's current claims arise out of the same occurrences in the orders at issue. Ibid. There was no mechanism to revive and adjudicate plaintiff's long-dismissed claims.

We similarly discern no error in the court's reliance on the March 9, 2012 Rosenblum order, as a basis to dismiss plaintiff's belated motions. Plaintiff's motions represented repeated attempts to challenge old orders through a variety of motions without the necessary facts and law to support his claims. In sum, plaintiff's claims have long ago been adjudicated, and the court did not err in dismissing his motions because they were untimely, lacked support, and were previously determined to be frivolous.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1658-23